FILED
2016 Nov-10 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

2016 NOV 10 P 3:32

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BETTY JEAN IKARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-16-HGD-1828-NE |
| | ) | |
| JACKSON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.  JURISDICTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of sex against Plaintiff. This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d), 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343.

### II.  PARTIES

3. Plaintiff, Betty Jean Ikard (hereinafter "Ms. Ikard" or "Plaintiff") is a female citizen of the United States who was a resident of the State of Alabama at all

times relevant to this Complaint.  Plaintiff was and is employed by Defendant Jackson County Board of Education.

4.  Defendant, Jackson County Board of Education (hereinafter "Defendant") is an employer subject to suit under the Equal Pay Act of 1963, as amended and 42 U.S.C. § 1983.

## III.  ALLEGATIONS OF FACT

5.  Plaintiff re-alleges and incorporates by reference paragraphs 1 - 4 above with the same force and effect as if fully set out in specific detail herein below.

6.  Plaintiff is employed by Defendant as a school bus driver and has been for more than twenty (20) years. She is assigned to a regular daily route to Skyline High School.

7.  In November 2011 or 2012, Plaintiff was assigned a daily route which included picking up a bus load of students in the morning on her route and dropping them off at Skyline High School, after which she would take a bus load of students for both Skyline High School and Paint Rock Valley High School to the Epcot Technical School (the "Tech School") in Hollywood, Alabama.[1] The Paint Rock Valley students were brought to Skyline High School from Paint Rock Valley each morning (the "Early Morning Portion of the Tech Route") by

---

[1] The Plaintiff will refer to the route to and from Epcot Tech School as the "Tech Route".

a male bus driver, Reese Money, and then boarded the bus driven by Plaintiff to go to the Tech School.

8.  The Paint Rock Valley and Skyline students started their day at the Tech School at or around 8:20 a.m. and remained at the Tech School until later in the morning, when they returned to the Plaintiff's bus to be transported to Skyline High School, where Plaintiff would drop the Skyline High School students, and then, the remaining Paint Rock Valley High School students would be driven to Paint Rock Valley High School by the Plaintiff (the "Return Portion of the Tech Route").

9.  Sometime after Plaintiff was assigned the Return Portion of the Tech Route she was informed by Mr. Reese that he was being paid more than $20.00 per day for the Early Morning Portion of the Tech Route. At that time, Plaintiff was not being paid any compensation for the Return Portion of the Tech Route.

10. Plaintiff complained to former Superintendent, Kenneth Harding, and Melissa Chapman, in payroll, about the fact that Mr. Reese was being paid for the Early Morning Portion of the Tech Route and she was not being paid anything for the Return Portion.

11. Plaintiff was informed he was being paid $29.00 per day for the Early Morning Portion of the Tech Route between Paint Rock Valley High School and

3

Skyline High School.

12. Plaintiff asked that she be paid the same thing as Mr. Reese for the Return Portion of the Tech Route and Defendant refused to. Instead, Defendant paid her $10.84 per day for the Return Portion of the Tech Route, rather than the $29.00 per day Mr. Reese was receiving for the Early Morning portion.

## COUNT I - VIOLATION OF EQUAL PAY ACT
### Equal Pay Act - Unequal Pay

13. Paragraphs 1 - 12 are hereby re-alleged and incorporated herein.

14. Defendant willfully violated the Equal Pay Act by paying the Plaintiff unequal wages to that of a similarly situated male employee performing the same work as she was performing.

15. Plaintiff seeks back pay, interest and benefits for the wage disparity as well as injunctive, declaratory and other relief.

## COUNT II - VIOLATION OF FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

16. Paragraphs 1 - 15 are hereby re-alleged and incorporated herein.

17. Plaintiff avers that Defendant Jackson County Board of Education intentionally and purposefully discriminated against Plaintiff by depriving her of the rights guaranteed her by the United States Constitution. Specifically, Defendant violated Plaintiff's Equal Protection rights under the Fourteenth Amendment

by paying her lower wages than it paid a male employee for the same work, thereby discriminating against Plaintiff because of her sex.

18. Plaintiff avers that Defendant's discriminatory actions as stated above violated Plaintiff's clearly established legal rights protecting her against sex discrimination and were performed with malice and/or done with reckless disregard to the Plaintiff's federally protected civil rights; and that as a proximate consequence thereof, Plaintiff has been damaged; that Plaintiff has been caused to suffer emotional distress, embarrassment, humiliation, anxiety, and concern; and Plaintiff is entitled to an award of compensatory damages against Defendant Jackson County Board of Education in an amount to be determined by the trier of fact. As a direct and proximate consequence of Defendant's wrongful conduct, Plaintiff has suffered injuries and damages.

19. Defendant engaged in discrimination against Plaintiff on the basis of her sex with malice towards Plaintiff's equal protection rights under the Fourteenth Amendment, and her rights under 42 U.S.C. § 1983.

20. The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions, and privileges of employment on the basis of her sex in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

21. Defendant knew it was violating Plaintiff's clearly established legal right to be

5

free of sex discrimination.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that the actions of Defendant, Jackson County Board of Education, violated the rights of Plaintiff as guaranteed by the Equal Pay Act of 1963, as amended, and the Fourteenth Amendment to the United States Constitution and that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured under these laws.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the Equal Pay Act and the Fourteenth Amendment.

3. Enter and Order requiring Defendant to make Plaintiff whole by awarding her back-pay, front pay, liquidated damages and compensatory damages.

4. Plaintiff prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees and expenses.

Respectfully submitted this the 10th day of November, 2016.

/s/ Rebekah Keith McKinney
Rebekah Keith McKinney (ASB-3137-T64J)
WATSON McKINNEY, LLP
203 Greene Street
Huntsville, Alabama 35801
Phone 256-536-7423
Fax 256-536-2689
mckinney@watsonmckinney.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Jackson County Board of Education
P. O. Box 490
Scottsboro, Alabama 35768

7